20-MJ-7357-JCB

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Neil Sullivan, state:

### *INTRODUCTION AND AGENT BACKGROUND*

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, described in Attachment B, to determine the location of the cellular device assigned call number 978-566-5708 ("Target Phone 2"), described in Attachment A.

2. I am a Deputy U.S. Marshal with the United States Marshals Service ("USMS") and have been since October 15, 1995. I am currently assigned to the Investigations Unit of the USMS in Boston, MA, where my primary responsibility is the apprehension of state and federal fugitives. I also work fugitive investigations with the USMS Fugitive Task Force, which includes members of local, state, and federal law enforcement agencies throughout Massachusetts.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. One purpose of applying for this warrant is to determine with precision Target Phone 2's location. However, there is reason to believe Target Phone 2 is currently located in Lawrence, MA because, as described in detail below, there is probable cause to believe that Target Phone 2 is used by ESTEBAN NIVAR-ARAUJO and a confidential source confirmed that NIVAR-ARAUJO was recently in Lawrence. Additionally, Target Phone 2 has called numerous taxi companies in the Lawrence, MA area. Pursuant to Rule 41(b)(2), law enforcement may locate

1

Target Phone 2 outside the district provided the device is within the district when the warrant is issued.

5.  ESTEBAN NIVAR-ARAUJO was charged with a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi) on October 2, 2020 and is the subject of an arrest warrant. There is probable cause to believe that Target Phone 2's location will assist law enforcement in arresting NIVAR-ARAUJO, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6.  Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

## *PROBABLE CAUSE*

7.  On July 29, 2019, the Court issued a criminal complaint, charging ESTEBAN NIVAR-ARAUJO with Possession with Intent to Distribute 400 Grams or More of Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vi). *See* 19-MJ-7269-JCB. The Court also issued a warrant for NIVAR-ARAUJO's arrest. *Id.*

8.  On October 2, 2020, on motion of the United States, the Court granted leave to dismiss the July 29, 2019 criminal complaint against NIVAR-ARAUJO. On that same date, the Court issued a new criminal complaint, charging NIVAR-ARAUJO with Possession with Intent to Distribute 40 Grams or More of Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi), and issued a new warrant for NIVAR-ARAUJO's arrest. *See* 20-MJ-7335-

JCB. The order for the production of the records sought herein is in aid of the United States' ongoing investigation into NIVAR-ARAUJO's whereabouts.

9. Since July 29, 2019, the USMS and the U.S. Drug Enforcement Administration ("DEA") have made efforts to locate and apprehend NIVAR-ARAUJO. To date, those efforts have been unsuccessful.

10. In July 2019, during a drug investigation, the DEA determined that NIVAR-ARAUJO had been utilizing cell phone number 978-943-8970 ("Target Phone 1").

11. On March 31, 2020, subscriber and call detail records were received from T-Mobile on Target Phone 1, pursuant to an administrative subpoena. Target Phone 1 had no listed subscriber information and was activated on March 26, 2019. An analysis of the call detail records confirmed that Target Phone 1 had called Maria Dilone seventy-seven (77) times, making her one of the top called numbers of Target Phone 1. Dilone was an associate of NIVAR-ARAUJO and had allowed NIVAR-ARAUJO to rent a room in her residence in Lawrence, MA. Target Phone 1 also called Melba Lopez one hundred forty-seven (147) times, making her one of the top called numbers of Target Phone 1. The exact relationship between Lopez and NIVAR-ARAUJO is unknown, but they both were at some time living at 51 Basswood Street in Lawrence, MA. Target Phone 1 also called Santo Nivar sixty-five (65) times, making him one of the most frequently called numbers of Target Phone 1. Santo Nivar is likely a relative of NIVAR-ARAUJO due to sharing the same uncommon name of Nivar. Target Phone 1 had also called two Dominican Republic numbers fifty-two (52) and twenty-four (24) times, respectively. NIVAR-ARAUJO is known to be from the Dominican Republic. The call detail records also confirmed that Target Phone 1 ceased making calls on July 25, 2019, which is the exact date that DEA encountered NIVAR-ARAUJO during a drug investigation.

12. In April 2020, the DEA learned from a confidential source, and the DEA then advised the USMS, that NIVAR-ARAUJO had been spotted in Lawrence, MA. Law enforcement also learned from the confidential source that NIVAR-ARAUJO was using the phone number 978-566-5708, i.e., Target Phone 2.

13. On September 28, 2020, the USMS received call detail records and subscriber information from T-Mobile on Target Phone 2, pursuant to an administrative subpoena. Target Phone 2 was a pre-paid phone with no listed subscriber. It was activated on March 16, 2020. USMS Investigators evaluated the call detail records on Target Phone 2 in an effort to confirm that ESTEBAN NIVAR-ARAUJO was truly utilizing it. The call detail records revealed Target Phone 2 had called twenty-two (22) numbers that Target Phone 1 had previously called in 2019. Target Phone 2 called Melba Lopez thirty (30) times, a frequency similar to that with which Target Phone 1 had called Lopez. As noted above, Lopez and NIVAR-ARAUJO had lived at the same address in Lawrence, MA. Target Phone 2 also called Santo Nivar two (2) times. Santo Nivar is a likely relative of NIVAR-ARAUJO. Target Phone 2 had also called the same two Dominican Republic numbers that Target Phone 1 had called in 2019. Target Phone 2 called these Dominican numbers fifty (50) times and twenty-six (26) times, respectively. Target Phone 2 is active as of the date of this affidavit.

## *MANNER OF EXECUTION*

14. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

4

15. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by Target Phone 2 or receiving signals from nearby cellular devices, including Target Phone 2. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to Target Phone 2 and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by Target Phone 2 and use that information to determine Target Phone 2's location, even if it is located inside a house, apartment, or other building.

16. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with Target Phone 2, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be Target Phone 2, and law enforcement will limit collection of information from devices other than Target Phone 2. To the extent that any information from a cellular device other than Target Phone 2 is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the Court, other than distinguishing Target Phone 2 from all other cellular devices.

## *AUTHORIZATION REQUEST*

17. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

18. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of Target Phone 2 would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and continue to flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

19. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate Target Phone 2 outside of daytime hours.

20. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

21. A search warrant may not be legally necessary to compel the investigative technique described in this affidavit. Nevertheless, I submit this warrant application out of an abundance of caution.

Respectfully submitted,

*Neil R.S.*

Neil Sullivan
Deputy US Marshal, US Marshals Service
Sworn telephonically pursuant to
Fed. R. Crim. P. 41(d)(3)

Subscribed and sworn to via telephone in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure on October 21, 2020.

*J. C. Boal*

HONORABLE JENNIFER C. BOAL
United States Magistrate Judge
District of Massachusetts